JOHN A. KINLIN, RELATOR, v. STATE·BOARD OF MEDICAL EXAMINERS OF NEW JERSEY, RESPONDENT.

Submitted March 20, 1923—Decided May 7, 1924.

Medicine—License to Practice—Chiropractic—Act of 1923, c. 161—Providing that Persons Serving in World War Entitled to Practice Upon Graduation Sustained.

Before Justices TRENCHARD, PARKER and CAMPBELL.

For the relator, *Frank A. Mathews, Jr.*

For the respondent, *Edward L. Katzenbach,* attorney general.

PER CURIAM.

Relator applied to the respondent for a license to practice chiropractic in this state and was refused such license, because he neglected to furnish proof of his good moral character and because he refused to submit to an examination pursuant to chapter 136. *Pamph. L.* 1921.

Relator contends that under the provisions of chapter 161 (*Pamph. L.* 1923) he is entitled to the license applied for without submitting to an examination or furnishing proof of good moral character.

Chapter 136 (*Pamph. L.* 1921) is a supplement to an act entitled "An act to regulate the practice of medicine and surgery, to license physicians and surgeons, and to punish persons violating the provisions thereof," and section eleven (11) thereof repeals an act entitled "An act to regulate the practice of chiropractic," approved March 3d, 1920. *Pamph. L.* 1920, *ch.* 4.

Chapter 161 (*Pamph. L.* 1923) is an amendment of chapter 136 (*Pamph. L.* 1921) amending section eleven (11) thereof, which repeals the Chiropractic act, chapter 4 (*Pamph. L.* 1920, *supra*), and contains, amongst other

things, the proviso, "that any person who served in the military or naval forces of the United States in the world war, and who is now a student or in training in a legally-incorporated college of chiropractic under the jurisdiction of the federal board of vocational training, shall, upon being graduated from any such institution and furnishing evidence thereof satisfactory to the board of medical examiners, be entitled to a license under the provisions of this act." Relator furnished the respondent, the board of medical examiners, with satisfactory proof of all the matters set forth in the foregoing proviso, but respondent, nevertheless, contends that relator must furnish satisfactory proof of his good moral character and submit to an examination.

It will be noted that the other provisos in this act relating to variously qualified persons permit them, when qualified as therein provided, to take the examination as provided by statute, while the proviso in question makes no reference to an examination or any other qualification than those specifically set forth in said proviso.

The undoubted intention of the legislature was, by the said proviso, to provide that any person who served in the military or naval forces of the United States in the world war, and who on March 22d, 1923, when said act became effective, was a student, or in training in a legally-incorporated college of chiropractic under the jurisdiction of the federal board of vocational training, upon being graduated from any such institution and furnishing evidence thereof satisfactory to the board of medical examiners, should, without any further qualifications or requirements, be entitled to have a license, issued by respondent, to practice chiropractic.

This being our view of the only construction that can be placed upon this statute, relator is entitled to the award of a peremptory writ of *mandamus*..